UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LEONARD AUSTEN,

*Plaintiff-Appellant,*

v.

HCA HEALTH SERVICES OF VIRGINIA, INCORPORATED, t/a Reston Hospital Center,

*Defendant-Appellee.*

No. 00-2359

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-303-A)

Submitted: February 9, 2001

Decided: March 12, 2001

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Annette Kay Rubin, Christopher M. Dove, Leesburg, Virginia, for Appellant. John J. Michaels, Jr., Ronda L. Brown, MCGUIRE WOODS, L.L.P., McLean Virginia; Mark E. Edwards, Jeanne Casstevens Thomas, Nashville, Tennessee, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Leonard Austen was terminated from employment at Reston Hospital Center ("Hospital") after twelve years of service. He claims his discharge was discriminatory based on gender, that he suffered sexual harassment due to a hostile work environment, and that his discharge was retaliatory and a breach of contract. The Hospital counters Austen was discharged for making repeated crude, sexual, and racial comments at the workplace. The district court granted Defendants' motion for summary judgment as to the sexual discrimination, harassment, and retaliation claims. The court dismissed the breach of contract claim without prejudice, electing not to exercise pendent jurisdiction, and Austen appealed. We review grants of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Because we find no reversible error, we affirm.

Austen was warned that use of crude, sexual, and racial comments were not appropriate for the workplace. Despite the warnings, Austen participated in a party for a departing co-worker at the hospital during which "gag" gifts of a sexual nature were given. Upon learning of this event, Austen's supervisor summarily fired him. The female employees involved in the incident were not terminated.

To establish a prima facie case of discrimination under Title VII, Austen must prove: (1) he is a member of a protected class; (2) he was performing satisfactorily; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-10 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994).

Austen claims he was discriminated against in his termination because he was male, when the female employees attending the same

party and bearing more significant responsibility for the gifts were not terminated. Austen, however, was not similarly situated to these female employees. He had both more supervisory authority than the female employees and a record of disciplinary warnings. In addition, Austen may not bring a claim for sexual harassment because it was not included in his EEOC charge. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996); *see also Taylor v. Virginia Union Univ.*, 193 F.3d 219, 228, 239 (4th Cir. 1999), *cert. denied*, ___ U.S. ___, 120 S. Ct. 1243, 68 U.S.L.W. 3433 (U.S. Feb. 28, 2000). Additionally, although Austen's breach of contract claim is appealable as a final order, *see Domino Sugar Corp. v. Sugar Workers' Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993), the district court did not abuse its discretion in dismissing the claim. We therefore affirm summary judgment in favor of the hospital on the reasoning of the district court. *See Austen v. HCA Health Servs.*, No. CA-00-303-A (E.D. Va. Sept. 19, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*